O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| ACCION LOGISTICA INTEGRAL, S.C., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | Civil Action No. L-06-159 |
| § | | |
| BERRY CONTRACTING, L.P., d/b/a § | | |
| BAY, LTD. and also d/b/a RMS § | | |
| WORLDWIDE SALES & LEASING, § | | |
| and BERRY GP, INC., § | | |
| § | | |
| Defendants. § | | |

## **O R D E R**

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint [Doc. No. 11], filed on February 7, 2007. Defendants filed a response on February 27, 2007 [Doc. No. 12], to which Plaintiff filed a reply [Doc. No. 15].

The relevant live pleading which Plaintiff seeks to amend is Plaintiff's "Amended Complaint," which was filed on October 31, 2006 [Doc. No. 3]. In this Amended Complaint, Plaintiff specified only one claim by name, i.e. breach of contract, but argues that the facts asserted support claims for other causes of action as well. Plaintiff here argues for leave to amend its complaint to specifically name claims of promissory estoppel, equitable estoppel, misrepresentation (fraud or negligent misrepresentation), and violations of the United Nations Convention on Contracts for the International Sale of Goods. Defendants argue that allowing amendment will unduly prejudice Defendants because it will delay resolution of this matter; Defendants would be forced to amend their pending Motion for Summary Judgment to address the newly-named claims.

Defendants also maintain that the new causes of action are not supported by the facts outlined in the complaint.

Plaintiff's proposed "First Amended Complaint," as Plaintiff calls it, is factually very similar to the "Amended Complaint" already on file with the Court. In the proposed "First Amended Complaint," Plaintiff makes the following changes from the previous complaint: (1) rephrasing two sentences in the text of paragraph four; (2) omitting the phrase "by and through Oil Forwarding, Inc. and Ali International, Inc." in paragraphs five and seven; (3) adding "Accion Logistica" to a sentence in paragraph six; (4) omitting one sentence from paragraph six; (5) inserting a paragraph regarding promissory estoppel[1]; and (6) adding the words "fraud, negligent misrepresentation, promissory and equitable estoppel and violations of the United Nations Convention on Contracts for the International Sale of Goods" to the end of a sentence which formerly read "Defendant's actions constitute a breach of contract." *See* Doc. No. 11-2.

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a) evinces a bias in favor of granting leave to amend. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). Only if there is substantial reason may the Court deny leave to amend. *Id*. at 598. The Supreme Court describes several situations that warrant denying amendment: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing amendment, and futility of amendment. *Foman v.*

---

[1] Plaintiff inserts the following paragraph concerning promissory estoppel:
Plaintiff relied on Defendant's representations to its detriment. Defendant is equitably estopped from denying its representations. Under the theory of promissory estoppel Defendant's promises and representations should be enforced.
[Doc. No. 11-2, ¶ 8].

*Davis*, 371 U.S. 178, 182 (1962).[2]

In this situation, Defendants have not shown that granting Plaintiff leave to amend will unduly prejudice Defendants, nor that amendment would be futile.  Allowing Plaintiff to amend will necessitate a minor delay in resolving summary judgment issues, however this delay is reasonable in light of the liberal standard for allowing amendment.  Plaintiff's interest in specifying those additional claims alleged outweighs any prejudice to Defendants.  In addition, Defendants do not present any legal authority for the proposition that the presence of a motion for summary judgment before the Court weighs against a plaintiff's ability to amend.  Plaintiff's Motion for Leave to File First Amended Complaint [Doc. No. 11] is hereby GRANTED.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 1st day of March, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge

---

[2] The *Foman* Court underscores the rationale for freely allowing leave to amend: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*.